

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP - 4 2012

CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| HEATHER JEFFRIES and<br>JAMES JEFFRIES, | § <br> § <br> § | |
| Plaintiffs, | § <br> § | |
| VS. | § | NO. 4:12-CV-544-A |
| | § | |
| BANK OF AMERICA, N.A., and<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC., | § <br> § <br> § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Now before the court is the first amended notice of removal

filed in the above-captioned action by defendants, Bank of

America, N.A. ("Bank of America") and Mortgage Electronic

Registration Systems, Inc. ("MERS") (collectively, "defendants").

Defendants have alleged diversity of citizenship under 28 U.S.C.

§ 1332 as the sole basis for removal.  Having considered the

first amended notice of removal and the original state court

petition of plaintiffs, Heather Jeffries and James Jeffries

("plaintiffs"), attached to defendants' original notice of

removal, the court concludes that defendants have failed to

sufficiently allege the required amount in controversy, and that

the case should be remanded to the state court from which it was

removed.

I.

Background

Plaintiffs initiated this action by filing their original petition on July 3, 2012, against defendants in the District Court of Tarrant County, Texas, 236th Judicial District, as Cause No. 236-260086-12.  Defendants removed the action to this court by notice of removal filed August 3, 2012.  On August 31, 2012, pursuant to this court's order, defendants filed their first amended notice of removal.  Defendants allege that the court has subject matter jurisdiction because of complete diversity of citizenship between plaintiffs and defendants, and an amount in controversy exceeding the sum or value of $75,000, exclusive of interest and costs.  See 28 U.S.C. § 1332(a).

In the prayer of their petition, plaintiffs seek injunctive relief, unspecified statutory, compensatory and exemplary damages, attorney's fees, costs, and interest.  Am. Notice of Removal, Ex. 3, at 10-11.  However, plaintiffs do not state a specific amount of damages, and there are no other statements reflecting the amount of damages elsewhere in the petition. Still, defendants put forth two contentions that the amount in controversy is satisfied.  First, defendants argue that because plaintiffs "seek to protect their rights to peacefully enjoy their property by enjoining the foreclosure sale, the fair market

2

value of the property is the measure of the amount in

controversy." Am. Notice of Removal, at 1. Second, defendants

claim that "the value of the plaintiffs' interest in the property

meets the amount in controversy." Id. at 4. After having

evaluated the pleadings, and after reviewing applicable legal

authorities, the court remains unpersuaded that the amount in

controversy in this action meets or exceeds the required amount.

II.

## Basic Principles

The court begins with a statement of basic principles

announced by the Fifth Circuit:

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to

federal court any state court action over which the federal

district court would have original jurisdiction. "The removing

party bears the burden of showing that federal subject matter

jurisdiction exists and that removal was proper." Manguno v.

Prudential Prop. Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir.

2001). "Moreover, because the effect of removal is to deprive

the state court of an action properly before it, removal raises

significant federalism concerns, which mandate strict

construction of the removal statute." Carpenter v. Wichita Falls

Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995) (citation

omitted). Any doubts about whether removal jurisdiction is

3

proper must therefore be resolved against the exercise of federal jurisdiction.  Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

To determine the amount in controversy for the purpose of establishing diversity jurisdiction, the court ordinarily looks to the plaintiff's state court petition.  Manguno, 276 F.3d at 723.  If it is not facially apparent from the petition that the amount in controversy is greater than $75,000, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing by a preponderance of the evidence that the amount in controversy exceeds that amount.  Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).

The amount in controversy is measured from the perspective of the plaintiff.  Vraney v. Cnty. of Pinellas, 250 F.2d 617, 618 (5th Cir. 1958) (per curiam).  In an action for declaratory or injunctive relief, the amount in controversy is the "value of the object of the litigation," or "the value of the right to be protected or the extent of the injury to be prevented."  Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir. 1983).

III.

<u>Analysis</u>

Plaintiffs' petition does not make a demand for a specific amount of damages, does not specify a dollar amount of recovery sought that is at least $75,000, and does not define with specificity the value of the right it seeks to protect or the extent of the injury it seeks to prevent.  As a result, the court evaluates the true nature of plaintiffs' claims to determine the amount actually in controversy between the parties.

The true nature of this action is to prevent defendants from taking possession of the property pursuant to its foreclosure proceedings.  As the petition alleges, plaintiffs pursue these goals by seeking an order (1) restraining defendants from foreclosing on the property; (2) awarding unspecified statutory, compensatory, and exemplary damages resulting from defendant's alleged actions; and (3) reasonable attorney's fees, costs, and expenses.  Notice of Removal, Ex. 3, at 10-11.  Thus, considering plaintiffs' original petition, the court has not been provided with any information from which it can determine that the value to plaintiffs of such relief is greater than $75,000.

Defendants first contend that the fair-market value of the property should serve as the amount in controversy because plaintiffs request equitable relief to enjoin defendants from

foreclosing on the property.  Am. Notice of Removal at 2-3, ¶¶ 3-4 (citing <u>Martinez v. BAC Home Loans Servicing, L.P.</u>, No. SA-09-CA-951-FB, 2010 WL 6511713, at *3 (W.D. Tex. Sept. 24, 2010)).

Defendants rely on the oft-cited argument that "[I]n actions seeking declaratory or injunctive relief, it is well-established that the amount in controversy is measured by the value of the object of the litigation."  Am. Notice of Removal at 2, ¶ 2 (citing <u>Nationstar Mortg., LLC v. Knox</u>, 351 Fed. Appx. 844, 849 (5th Cir. 2009)).  Defendants suggest that the fair market value of plaintiffs' property, according to the Tarrant County Appraisal District, is $359,700, and this figure should form the basis for the amount in controversy requirement.  Am. Notice of Removal at 7, ¶ 7.

The court is not persuaded by the argument that this figure supplies the basis for plaintiff's interest in the property, especially given that plaintiff has not pleaded how much equity he has in the property.  Defendants do not cite to, nor can the court discern, any such statement in the petition to support a finding that the value of the property is the amount in controversy.  That is, defendants' attribution of the $359,700 figure as damages is an act of their own doing--not plaintiffs'.  To the extent that these statements suggest that the property

6

value is the proper measure of the amount in controversy in this action, the court rejects that argument.[1]

Defendants next contend that plaintiffs' equity in the property "could be calculated to be $32,128.84 which, when factoring in plaintiffs' request for treble damages, would meet the threshold amount in controversy requirement." Am. Notice of Removal at 5, ¶ 8. This figure is speculative at best, and suffers the same flaw as defendants' attribution of fair-market value as damages: it is a figure created by defendants, and not plaintiffs. Further, even if plaintiffs were to hold $32,128.84 in equity for the property, it does not meet the minimum jurisdictional threshold of $75,000, and it does not demonstrate that this figure is the amount in damages that plaintiffs seek to recover. Plaintiffs have not alleged that the value to them of their interest in the property is equivalent to defendants' approximation of plaintiffs' equity in the property.

Plainly, the sole goal of plaintiffs' action is to avoid or delay a foreclosure sale and to be able to retain possession of

---

[1] The court is familiar with the unpublished Fifth Circuit opinion, Nationstar Mortg. LLC v. Knox, 351 F. App'x 844 (5th Cir. 2009), cited by defendants. The pertinent portion of Nationstar, in turn, relies on Waller v. Prof'l Ins. Corp., 296 F.2d 545, 547-48 (5th Cir. 1961). This court has previously explained its reasoning for finding Waller inapposite to determining the amount in controversy in cases such as the instant action. See Ballew v. America's Servicing Co., No. 4:11-CV-030-A, 2011 WL 880135 (N.D. Tex. Mar. 14, 2011).

the property.  Nothing is alleged that would assign a monetary

value to plaintiff's accomplishment of those goals.  While

plaintiffs appear to request injunctive relief based on a claim

that defendants are legally prohibited from foreclosing on the

property, they do not assert that such relief is based on a claim

that they have outright ownership of the property, free from any

indebtedness.  Indeed, plaintiffs make statements to suggest that

their ownership of the property _is_ encumbered by a debt, as the

petition states that plaintiffs entered into a loan that was

evidenced by a Note, executed by plaintiffs, and delivered to the

"original mortgagee."  Am. Notice of Removal, Ex. 3, at 2, ¶ 1.

Plaintiffs further state that the "Note is secured by that

certain Deed of Trust dated of the same date, executed by

Plaintiff and delivered to Peter J. Strawser, as Trustee on

behalf of Original Mortgagee."  _Id._  The value to plaintiffs of

their rights in the litigation is, at most, the value of his

interest in the property, not the value of the property itself,

and not a speculative figure generated by defendants.  Thus,

defendants have not established the value of plaintiffs' interest

in the property.

     Defendants have not proven by a preponderance of the

evidence that the amount actually in controversy in this action

exceeds the sum or value of $75,000, excluding interest and

costs.   Consequently, the court is remanding the case to the

state court from which it was removed, because of the failure of

defendant to persuade the court that subject matter jurisdiction

exists.

IV.

Order

For the reasons given above,

The court ORDERS that the above-captioned action be, and is

hereby, remanded to the state court from which it was removed.

SIGNED September 4, 2012.

JOHN McBRYDE
United States District Judge

9